# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:07-CR-00134-FDW-4

| | |
|---|---|
| GEMINI BOYD, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )     **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |
| | ) |

THIS MATTER comes now before the Court upon Petitioner's Motion to Modify Sentence (Doc. No. 270) pursuant to 18 U.S.C. § 3582(c)(2) filed on September 4, 2007. Petitioner requests that this Court give retroactive effect to Amendment 599 of the United States Sentencing Guidelines to reduce his sentence. The Court, while in agreement with Petitioner that Amendment 599 does have retroactive effect, declines to reduce Petitioner's sentence for the reasons stated below. Petitioner's motion is therefore DENIED.

Amendment 599 to the United States Sentencing Guidelines went into effect on November 1, 2000. The Amendment changed Application Note 2 of U.S.S.G. § 2K2.4 so that it read, in relevant part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

18 U.S.C.G. Appx. C, Amend. 599. For example, as in this case, if a defendant is convicted of a substantive drug-related crime, such as 21 U.S.C. § 841(a)(1), and given an enhancement for

possession of a firearm in conjunction with that offense, the defendant's sentence should not then be compounded by a conviction under 18 U.S.C. § 924(c). The Sentencing Commission's intent in adopting Amendment 599 was "to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm." 18 U.S.C.G. Appx. C, Amend. 599. The United States Court of Appeals for the Fourth Circuit has held that Amendment 599 is a clarifying amendment and that a district court may give it retroactive effect to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). U.S. v. Goines, 357 F.3d 469, 480 (4th Cir. 2004).

There are, however, two aspects of the Fourth Circuit's holding that have special relevance to this case. First, the court qualified its holding by stating that "a defendant may rely on a clarifying amendment to support a § 3582(c)(2) motion, so long as the amendment . . . would result in application of a sentencing range lower than the range applied at the original sentencing proceeding." Id. Second, the court did not remove the district court's discretion to deny a motion for sentence reduction after reviewing the 18 U.S.C. § 3553(a) factors, but simply held that the district court must consider the factors without automatically precluding review. Id. It is for these two reasons—that Petitioner's sentence would not change after giving effect to Amendment 599 and that the Court finds the balance of the § 3553(a) factors against Petitioner—that the Court denies Petitioner's motion.

Petitioner was convicted on two counts, conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 and conspiracy to use and carry firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(n) (now § 924(c)). The Base Offense level for count one was 38. Petitioner was given a two-point enhancement for the possession of a dangerous weapon and a two-point enhancement for obstruction

of justice. With Petitioner's criminal history category of IV, the minimum sentence for count one was 360 months. However, even if this Court agreed with Petitioner and reduced his sentence by two points, the minimum sentence after a two-point reduction, from offense level 42 to 40, would still be 360 months with his criminal history. Thus, the retroactive application of Amendment 599 would not result in application of a sentencing range lower than the range applied at the original sentencing hearing. See id.

Finally, and in an abundance of caution, the Court has reviewed the record in this case and has applied it to the factors in 18 U.S.C. § 3553(a). Having done so, the Court would not exercise its discretion to reduce Petitioner's sentence. See United States v. Legree, 205 F.3d 724, 727-28 (4th Cir. 2000).

Therefore, Petitioner's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is hereby DENIED.

IT IS SO ORDERED.

Signed: October 10, 2007

Frank D. Whitney
United States District Judge